UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MILCA O. ROSARIO,**

        **Plaintiff,**

v.                                          **Case No: 6:16-cv-1492-Orl-41DCI**

**BARBARA WALTERS and WARNER BROTHERS STUDIOS,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    **MOTION TO DISMISS (Doc. 12)**
>
> **FILED:**      **September 12, 2016**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On August 22, 2016, Plaintiff filed a complaint (the Complaint) in the form of a letter requesting the Court to open a new case after the Court had dismissed Plaintiff's prior case.[1] Doc. 1. In the Complaint, Plaintiff generally alleged "practices of telepathic channeling coming from the Media." *Id.* Plaintiff provided no additional details regarding the alleged "telepathic channeling" or the alleged damages arising therefrom. *Id.* On September 12, 2016, Defendant

---

[1] Plaintiff's prior case was *Rosario v. The Media in Puerto Rico Program for Predators, Led by Ms. Barbara Walters and Warner Brothers Studios*, Case No. 6:15-cv-01656-Orl-41GJK (M.D. Fla. 2015). On February 29, 2016, the Court dismissed Plaintiff's prior case without prejudice (Case No. 6:15-cv-01656-Orl-41GJK, Doc. 12) for failure to prosecute.

Warner Brothers Studios (Warner Bros.) filed a Motion to Dismiss (the Motion to Dismiss), arguing that "Plaintiff fails to meet even the most minimal standards of pleading and utterly fails to assert any causes of action against Warner Bros." Doc. 12 at 1.

Federal Rule of Civil Procedure 8(a) provides that a pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although *pro se* litigants are entitled to a liberal construction of their pleadings, they are still required to conform to the procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (discussing Federal Rule of Civil Procedure 4(c)) (citation omitted).

In this case, Plaintiff failed to conform to the procedural rules and failed to state a valid cause of action against Defendants. First, Plaintiff failed to provide a short and plain statement containing factual material sufficient to support the grounds for the Court's jurisdiction. Second, Plaintiff failed to provide a short and plain statement of the claim containing factual material sufficient to show that she is entitled to relief. In fact, the Complaint is devoid of any factual material that could form the basis of a valid cause of action against Defendants. Lastly, Plaintiff failed to make a demand for the relief sought other than to ask the Court "to look into this because of damages and prejudice." Doc. 1. For the foregoing reasons, Plaintiff's Complaint is due to be dismissed.

Generally, a *pro se* plaintiff must be given at least one chance to amend his or her complaint. *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) (per curiam)

(citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)); *see also Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003). However, a district court need not allow an amendment where amendment would be futile. *Cornelius*, 585 F. App'x at 1000 (per curiam) (citing *Cockrell*, 510 F.3d at 1310 (per curiam)). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id*. (citing *Cockrell*, 510 F.3d at 1310 (per curiam)) (internal quotation marks omitted). Here, although it appears that amending the Complaint would be futile, the undersigned believes that Plaintiff should have one more opportunity to state a valid claim.

Accordingly, it is **RECOMMENDED** that:

1. The Motion to Dismiss (Doc. 12) be **GRANTED**;
2. The Complaint (Doc. 1) be **DISMISSED without prejudice**; and
3. Plaintiff be provided **21 days** in which to file an amended Complaint conforming to the procedural rules, and be advised that failure to do so will result in dismissal with prejudice.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on November 29, 2016.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties