UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MILCA O. ROSARIO,**

        **Plaintiff,**

v.                                        Case No:  6:16-cv-1492-Orl-41DCI

**BARBARA WALTERS and WARNER BROTHERS STUDIOS,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    **MOTION TO DISMISS AMENDED COMPLAINT (Doc. 51)**
>
> **FILED:**      **February 27, 2017**
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On August 22, 2016, Plaintiff filed a complaint (the Complaint) in the form of a letter requesting the Court to open a new case after the Court had dismissed Plaintiff's prior case.[1] Doc. 1. In the Complaint, Plaintiff generally alleged "practices of telepathic channeling coming from the Media." *Id*. Plaintiff provided no additional details regarding the alleged "telepathic channeling" or the alleged damages arising therefrom. *Id*. On September 12, 2016, Defendant

---

[1] Plaintiff's prior case was *Rosario v. The Media in Puerto Rico Program for Predators, Led by Ms. Barbara Walters and Warner Brothers Studios*, Case No. 6:15-cv-01656-Orl-41GJK (M.D. Fla. 2015). On February 29, 2016, the Court dismissed Plaintiff's prior case without prejudice (Case No. 6:15-cv-01656-Orl-41GJK, Doc. 12) for failure to prosecute.

Warner Brothers Studios (Warner Bros.) filed a Motion to Dismiss (the Motion to Dismiss), arguing that "Plaintiff fails to meet even the most minimal standards of pleading and utterly fails to assert any causes of action against Warner Bros." Doc. 12 at 1.

On November 29, 2016, the undersigned entered a report recommending that this case be dismissed for failure to state a valid cause of action and for failure to conform to the procedural rules. Doc. 31. Although it appeared to the undersigned that amendment would be futile, the undersigned recommended that Plaintiff be given one more opportunity to state a valid cause of action. *Id*. Plaintiff filed an objection on December 5, 2016. Doc. 33.

On February 6, 2017, the Court entered an Order adopting and confirming the undersigned's report and recommendation (the Order). Doc. 47. The Court granted the Motion to Dismiss, dismissed the Complaint without prejudice, and granted Plaintiff leave to amend on or before February 27, 2017. *Id*.

On February 13, 2017, Plaintiff filed a letter "in reference to an amended complaint" (the Amended Complaint).[2] Doc. 49. The undersigned interprets Plaintiff's letter in reference to an amended complaint as Plaintiff's attempt to file an amended complaint pursuant to the Court's Order. In the Amended Complaint, Plaintiff again appears to be alleging harm as a result of telepathic channeling coming from Defendants. *Id*. However, despite the undersigned's best efforts, the undersigned cannot discern what Plaintiff is trying to allege in the Amended Complaint. Plaintiff concluded her Amended Complaint by stating that she believes the Court does not understand and that she "will have to do [her] right to an appeal at the Federal Courthouse on the

---

[2] On February 8, 2017, Plaintiff filed what she referred to as a letter of grievance. Doc. 48. Therein, Plaintiff appeared to allege harm arising from "telepathic channeling on to [her] person and that of the person of [her] autistic son and [their] home. Doc. 48 at 1. As is the case with the Amended Complaint, the undersigned cannot discern what Plaintiff is trying to allege in her letter of grievance.

island of Puerto Rico because Spiritualism is not banned there and they may seem to have more experience handling such a case."[3] *Id*. at 8.

On February 27, 2017, Defendant Warner Brothers Studios (Warner Bros.) filed a Motion to Dismiss Amended Complaint (the Second Motion to Dismiss), arguing that the Amended Complaint "suffers from the same deficiencies as [Plaintiff's] original Complaint, and at this point should be dismissed with prejudice." Doc. 51 at 1-2. The undersigned agrees.

Federal Rule of Civil Procedure 8(a) provides that a pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although *pro se* litigants are entitled to a liberal construction of their pleadings, they are still required to conform to the procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (discussing Federal Rule of Civil Procedure 4(c)) (citation omitted).

In this case, Plaintiff failed to conform to the procedural rules and failed to state a valid cause of action against Defendants. First, Plaintiff failed to provide a short and plain statement containing factual material sufficient to support the grounds for the Court's jurisdiction. Second, Plaintiff failed to provide a short and plain statement of the claim containing factual material sufficient to show that she is entitled to relief. Although the Amended Complaint contains factual allegations that were not included in the Complaint, these allegations are, despite the undersigned's

---

[3] On February 13, 2017, Plaintiff filed a letter asking the Court to transfer her case to the Federal Courthouse of Puerto Rico (the Motion to Transfer). Doc. 50.

best efforts, incomprehensible, and fail to state a claim for relief that is plausible on its face. Finally, it does not appear that Plaintiff made a demand for the relief sought.  Doc. 49.  For the foregoing reasons, Plaintiff's Complaint is due to be dismissed.

Generally, a *pro se* plaintiff must be given at least one chance to amend his or her complaint.  *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) (per curiam) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)); *see also Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003).  However, a district court need not allow an amendment where amendment would be futile.  *Cornelius*, 585 F. App'x at 1000 (per curiam) (citing *Cockrell*, 510 F.3d at 1310 (per curiam)).  "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."  *Id.* (citing *Cockrell*, 510 F.3d at 1310 (per curiam)) (internal quotation marks omitted).

Here, despite the apparent futility of granting Plaintiff leave to amend her Complaint, the Court granted Plaintiff leave to amend so that she would have at least one opportunity to do so. Doc. 47.  After reviewing Plaintiff's Amended Complaint, the undersigned is convinced that further amendment would be futile.  Therefore, the undersigned does not believe that Plaintiff should be granted any further opportunities to amend.  Nor does the undersigned believe there is any basis to transfer this case to Puerto Rico given the undersigned's recommendation that Plaintiff's case be dismissed with prejudice.

Accordingly, it is **RECOMMENDED** that:

1. The Second Motion to Dismiss (Doc. 51) be **GRANTED**;

2. The Amended Complaint (Doc. 49) be **DISMISSED with prejudice**;

3. The Motion to Transfer (Doc. 50) be **DENIED** as moot; and

    4.   The Clerk be directed to close the case and deny all pending motions as moot.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 24, 2017.

                                                        DANIEL C. IRICK
                                                        UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy